**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ORBACHWATERS, LLC,

    Plaintiff,

v.                                                    Case No. 07-CV-14343-DT

MICHAEL A. FARR, CYNTHIA J. FARR,
MELVIN FARR, SR. and LINDA JOHNSON
RICE,

    Defendants.
                                              /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Orbachwaters, LLC initiated this action on September 27, 2007 in Oakland County Circuit Court. On October 12, 2007, Defendant Linda Rice filed a notice of removal in this court. Plaintiff filed a motion to remand on October 17, 2007 and Defendant filed a response on October 31, 2007. This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiff's motion will be granted.

Plaintiff bases its motion to remand on the parties' October 5, 2007 settlement agreement which resolved all disputes between the parties and specified that "[t]he Michigan Circuit Court of Oakland County, Honorable Wendy L. Potts presiding, shall retain jurisdiction over the Lawsuit to the extent necessary to resolve any disputes or other matters arising from or relating to the terms of the Agreement and/or Release." (Settlement Agreement, Pl.'s Ex. A.) Defendant contends that this settlement agreement is not binding because Defendant revoked the agreement before it was

validly accepted and that the agreement did not vest the Michigan courts with exclusive jurisdiction over this dispute. The court disagrees.

The settlement agreement was clearly signed and notarized by both parties on October 5, 2007. The fact that Plaintiff signed and notarized the agreement after Plaintiff and did not explicitly communicate this act to Defendant until Defendant attempted to revoke the agreement on October 11, 1007 is of no consequence. As a matter of contract law, the parties are bond once the offeree manifests his consent by "voluntarily undertaking some unequivocal act sufficient for that purpose." *In re Costs and Attorney Fees*, 250 Mich. App. 89, 96 (2002). Plaintiff did so by signing and notarizing the agreement.

Defendant argues that "Michigan courts have held that [in order to form a contract] the acceptance "must be communicated to the offeror in some manner . . . ." The case cited by Defendant in support of this novel proposition, *Blackburne & Brown Mortg. Co. v. Ziomek* 264 Mich.App. 615 (2004), in fact does not stand for that principle. That case involved what the court found to be a mere uncommunicated counter-offer to an expired, time-limited offer. The court held, unremarkably, that "[a]n offeree cannot accept, either through words or deeds, an offer that has lapsed." Id. at 626 (citing *Pakideh v. Franklin Commercial Mortgage Group, Inc.,* 213 Mich.App. 636, 641 (1995)).

"Further," the court found, "there is no indication here that plaintiff communicated to defendants that it was going to waive the expiration date contained in the loan agreement . . . . Although plaintiff's employee signed the documents, any acceptance of defendants' counteroffer by plaintiff was not communicated to defendants. Nothing else

suggests that plaintiff manifested an acceptance of defendants' counteroffer." *Id.* (emphasis added).

Interestingly, within the next sentence in her brief, Defendant sets forth the correct standard for contract formation: "Under the principles governing contracts, an acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *See In re Costs and Attorney Fees,* 250 Mich. App. 89, 96-97(2002).

Here, there is no equivalent *counter*-offer to an expired or otherwise inactive offer. There was, simply, an offer and an acceptance. There is no showing to the contrary. No "communication" of the acceptance is required under any Michigan law cited by Defendant or known to the court and Defendant's contention that Plaintiff needed to additionally notify Defendant of that act is rejected.

The language of the settlement agreement clearly states that any disputes are to be decided by the Oakland County courts.  This court has no jurisdiction over this matter.  Accordingly,

IT IS ORDERED that Plaintiff's motion to remand [Dkt. # 3] is GRANTED and this case is REMANDED to Oakland County Circuit Court.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522